*822 OPINION OF THE COURT
Robert J. Muller, J.
On October 27, 2007, New Day Financial, LLC issued a loan to defendants Craig Bosley and Tracey McGivney Bosley (hereinafter defendants) in the amount of $214,200. This loan was evidenced by a promissory note and secured by a mortgage on real property located at 157 Blair Road in the Town of Mooers, Clinton County. The note had an allonge with two indorsements, one from New Day to Countrywide Bank, FSB dated October 27, 2007 and another from Countrywide to blank that is undated. The holder of the mortgage was Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) as nominee for New Day. MERS assigned the mortgage to plaintiff by assignment dated March 17, 2012 and recorded on March 27, 2012. Defendants Craig Bosley and Tracey McGivney Bosley subsequently defaulted in their payments under the note and, on September 18, 2012, plaintiff commenced this foreclosure action. The mortgage was then assigned from plaintiff to nonparty Nationstar Mortgage, LLC on November 13, 2012.* On November 24, 2012, defendants served an answer with several counterclaims and affirmative defenses, and plaintiff thereafter served a reply. Presently before the court is defendants’ motion seeking, inter alia, to (1) compel plaintiff to comply with discovery demands, (2) dismiss plaintiffs reply to counterclaims, (3) schedule a mandatory settlement conference, and (4) substitute plaintiff’s assignee — Nationstar—as the named plaintiff. Each item of relief will be addressed seriatim.
Turning first to that aspect of the motion seeking to compel plaintiff to comply with discovery demands, Uniform Rules for Trial Courts (22 NYCRR) § 202.8 (f) provides, in pertinent part: “Where the motion relates to disclosure . . . and a preliminary conference has not been held, the court shall notify all parties of a scheduled date to appear for a preliminary conference.” To that end, the parties are hereby directed to appear for a preliminary conference on July 25, 2014 at 9:30 a.m. at the Clinton County Courthouse in Plattsburgh, New York. At that time, a discovery schedule will be established and this aspect of the motion resolved. Plaintiff is hereby advised that local counsel will not be permitted to appear on its behalf at the conference.
With respect to that aspect of the motion seeking to dismiss plaintiffs reply to counterclaims, defendants contend that the *823 reply must be dismissed because counsel failed to properly verify it. The court, however, finds such failure to be a mere irregularity under CPLR 2001. It must also be noted, in any event, that a corrected verification was submitted with plaintiffs opposition papers.
Turning now to the third aspect of the motion, defendants— who reside at the subject premises — are unquestionably entitled to a mandatory settlement conference (see CPLR 3408). Indeed, plaintiff concedes this point. With that said, the preliminary conference scheduled for July 25, 2014 at 9:30 a.m. shall also serve as a mandatory settlement conference.
Plaintiff is hereby directed to provide the following to both the court and counsel for defendants at least 10 days prior to the scheduled conference:
1. defendants’ payment history;
2. a copy of the payoff and reinstatement figures;
3. workout forms or packet, including loss mitigation contact information; and
4. any written loan resolution proposals or information from previous workout packages.
As noted above, local counsel will not be permitted to appear on behalf of plaintiff at the conference. Defendants are hereby directed to appear together with their counsel at the conference and provide the following documents:
1. current proof of income (If employed, defendants should bring their two most recent pay stubs. If self-employed, they should bring their profit and loss statements.);
2. recent bank statements (Defendants should bring statements from the last two months at least.);
3. list of monthly expenses;
4. recent mortgage statements;
5. property tax statements;
6. most recent income tax return; and
7. any written loan resolution proposals or information from previous workout packages.
To the extent that Uniform Rules for Trial Courts (22 NYCRR) § 202.12-a (c) (7) provides that “[m]otions shall be held in abeyance while settlement conferences are being held,” the court finds such rule to be inapplicable under the circumstances herein. Defendants do not concede the issue of standing nor have they waived their right to raise it. As such, they should *824 be able to proceed with litigation while simultaneously pursuing the possibility of settlement. This rule was promulgated to protect the homeowner (see Marcon Affiliates, Inc. v Ventra, 112 AD3d 1095 [2013]). To that end, the Chief Administrator of the Courts likely envisioned a situation wherein the homeowner had defaulted or otherwise failed to raise any affirmative defenses, in which case the only foreseeable motions would be those of plaintiff — typically, for the appointment of a referee and then for a judgment of foreclosure and sale. From this vantage point, it makes sense to hold motions in abeyance pending the completion of settlement discussions. Under the facts of this case, however, it does not.
Finally, with respect to that aspect of the motion seeking to substitute plaintiff’s assignee — Nationstar—as the named plaintiff, CPLR 1018 provides as follows: “Upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action.” Here, to the extent that Nationstar appears to be the current holder of the note and mortgage, the court finds that it should be substituted as the named plaintiff. This aspect of defendants’ motion is therefore granted and the caption amended as follows:
NATIONSTAR MORTGAGE, LLC,
Plaintiff,
Index No. 2012-1374
RJI No. 09-1-2013-0842
CRAIG BOSLEY, TRACEY McGIVNEY BOSLEY and “JANE DOE and JOHN DOE,”
Defendants.
Defendants’ remaining contentions, to the extent not addressed herein, have been considered and found to be without merit.
Therefore, having considered the affirmation of Douglas K. McGivney, Esq. with exhibits attached thereto, dated March 30, 2013, submitted in support of the motion; affidavit of Craig Bosley with exhibits attached thereto, sworn to March 30, 2013, submitted in support of the motion; affidavit of Tracey Mc-Givney Bosley with exhibits attached thereto, sworn to March 30, 2013, submitted in support of the motion; memorandum of law of Douglas K. McGivney, Esq., dated March 31, 2013, *825 submitted in support of the motion; affirmation of Douglas S. Thaler, Esq. with exhibits attached thereto, dated April 15, 2013, submitted in opposition to the motion; reply affidavit of Craig Bosley, sworn to April 21, 2013; and reply affidavit of Tracey McGivney Bosley, sworn to April 21, 2013, it is hereby ordered that the aspect of defendants’ motion seeking to compel plaintiff to comply with discovery demands is granted to the extent that the parties shall appear for a preliminary conference on July 25, 2014 at 9:30 a.m. at the Clinton County Courthouse in Plattsburgh, New York, at which time a discovery schedule will be established; and it is further ordered that the aspect of defendants’ motion seeking to schedule a mandatory settlement conference is granted and the conference scheduled for July 25, 2014 at 9:30 a.m. shall also serve as a mandatory settlement conference; and it is further ordered that plaintiff shall provide the following to both the court and counsel for defendants at least 10 days prior to the scheduled conference:
1. defendants’ payment history;
2. a copy of the payoff and reinstatement figures;
3. workout forms or packet, including loss mitigation contact information; and
4. any written loan resolution proposals or information from previous workout packages;
and it is further ordered that local counsel shall not appear on behalf of plaintiff at the conference; and is further ordered that defendants shall appear at the conference together with their counsel and provide the following documents:
1. current proof of income (If employed, defendants should bring their two most recent pay stubs. If self-employed, they should bring their profit and loss statements.);
2. recent bank statements (Defendants should bring statements from the last two months at least.);
3. list of monthly expenses;
4. recent mortgage statements;
5. property tax statements;
6. most recent income tax return; and
7. any written loan resolution proposals or information from previous workout packages;
and it is further ordered that the aspect of defendants’ motion seeking to substitute plaintiffs assignee — Nationstar Mortgage, LLC — as the named plaintiff is granted and the caption amended as follows:
*826 NATIONSTAR MORTGAGE, LLC,
Plaintiff,
Index No. 2012-1374
RJI No. 09-1-2013-0842
v
CRAIG BOSLEY, TRACEY McGIVNEY BOSLEY and “JANE DOE and JOHN DOE,”
Defendants.
and it is further ordered that defendants’ motion is otherwise denied.
The original of this decision and order is returned to counsel for defendants for filing and service with notice of entry. To the extent that Nationstar Mortgage, LLC has been substituted as the named plaintiff, service with notice of entry must be effectuated upon this party as well. The notice of motion dated March 30, 2013 has been filed by the court together with the above-referenced submissions.

 It is unclear whether this assignment was recorded.